UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JEROME WALKER,

    Petitioner,

v.                                        Case No. 4:18-cv-548-WS/MJF

STATE OF FLORIDA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court is an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 8). The undersigned concludes that the petition is an unauthorized "second or successive" habeas corpus application and should be dismissed.[1]

**I.    Background and Procedural History**

Petitioner Jerome Walker ("Walker") was convicted of two counts of kidnapping and two counts of robbery in Leon County Circuit Court Case No. 1999-

---

[1] The matter was referred to the undersigned magistrate judge for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and for a report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).

CF-4444. (Doc. 1, pp. 1-2).[2] Walker was sentenced as a Prison Releasee Reoffender to life in prison for each of the kidnappings, and 15 years of imprisonment for each of the robberies, with all sentences running consecutively. (Doc. 1, p. 2). The Florida First District Court of Appeal affirmed the judgment on June 14, 2002. *See Walker v. State*, 819 So.2d 759 (Fla. 1st DCA 2002) (Table). Walker now challenges his criminal judgment on the grounds that the evidence was insufficient to convict him of kidnapping, and the state court erred in denying his motion for postconviction relief in light of newly discovered evidence. (Doc. 1, pp. 9-11). Walker admits on the petition form that he previously filed a § 2254 petition challenging the same criminal judgment and that the petition was dismissed as untimely. (Doc. 1, pp. 7-8 (identifying *Walker v. Tucker*, Case No. 4:11cv118-SPM/CAS)).

The undersigned takes judicial notice of the court records in *Walker v. Tucker*, Case No. 4:11cv118-SPM/CAS. Walker initiated *Walker v. Tucker*, on March 18, 2011, by filing a § 2254 petition challenging the same state court judgment. Walker claimed that the evidence was insufficient to convict him of kidnapping and that appellate counsel was ineffective for failing to raise the issue on direct appeal. (*See*

---

[2] This background information is drawn from Walker's petition and, in addition, is judicially noticed from a previous § 2254 case Walker filed in this court, *Walker v. Tucker*, Case No. 4:11cv118-SPM/CAS, Doc. 23, which Walker references in his present petition. "A court may take judicial notice of its own records and the records of inferior courts." *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

Case No. 4:11cv118-SPM/CAS, Doc. 9). The court dismissed the petition as untimely on October 22, 2012. (*Id.*, Docs. 23, 27, 28). The Eleventh Circuit denied Walker a certificate of appealability on August 12, 2013. (*Id.*, Doc. 35).

**II.   Discussion**

Section 2244(b)(3)(A) of Title 28 of the United States Code provides: "Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (2018) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court. *Burton v. Stewart*, 549 U.S. 147, 152, 157 (2007) (holding that district court lacked jurisdiction to entertain second habeas petition because prisoner failed to obtain order from court of appeals authorizing him to file the petition); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

Walker's pleadings and this court's records establish that the present petition is a "second or successive" habeas corpus application.[3] Walker does not allege or show he obtained the Eleventh Circuit's authorization to file it. Walker's failure to receive the requisite authorization operates as a jurisdictional bar and requires dismissal of this case. *See Burton*, 549 U.S. at 152, 157; *Fugate*, 301 F.3d at 1288.

### III. Certificate of Appealability is Not Warranted

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues the certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v.*

---

[3] For a second-in-time § 2254 petition to be considered "second or successive," the first § 2254 petition must have been denied or dismissed with prejudice. *See, e.g., Guenther v. Holt*, 173 F.3d 1328, 1329 (11th Cir. 1999). A dismissal of a § 2254 petition as untimely is considered to be with prejudice. *See Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007); *see also, e.g., Johnson v. Sec'y, Dep't of Corr.*, 717 F. App'x 896, 898 (11th Cir. 2017) (holding that second § 2254 petition filed after first § 2254 petition was dismissed as untimely was an unauthorized "second or successive" habeas petition).

*Cockrell*, 537 U.S. 322, 336 (2003) (*quoting* 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774 (2017) (*quoting Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, Walker has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

    The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

## IV. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. The petition for writ of habeas corpus (Doc. 1), challenging petitioner's judgment of conviction and sentence in *State of Florida v. Jerome Walker*, Leon County Circuit Court Case No. 1999-CF-4444, be **DISMISSED** for lack of jurisdiction.

2. The District Court **DENY** a certificate of appealability.

3. The clerk of court close this file.

At Panama City, Florida, this 7th day of March 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.